**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEVIN RAY ZYGMUNT,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE NAVY,
　　　　　Agency.

DOCKET NUMBER
PH-0752-15-0292-B-1

DATE: August 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan L. Kruger</u>, Esquire, Washington, D.C., for the appellant.

<u>Courtney Hatcher</u>, Philadelphia, Pennsylvania, for the agency.

<u>Kimberly Miller</u>, Mechanicsburg, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the remand initial decision, which found that he failed to prove his affirmative defense of reprisal for whistleblowing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order reassessing the administrative judge's analysis of the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), we AFFIRM the remand initial decision.

## BACKGROUND

¶2    The agency proposed to suspend the appellant for 30 days, which the deciding official reduced to a 15-day suspension beginning in March 2015, for failure to carry out a work assignment, disruptive behavior, and careless workmanship. *Zygmunt v. Department of the Navy*, MSPB Docket No. PH-0752-15-0292-I-1, Initial Appeal File (IAF), Tab 7 at 22-25, 71-73. The appellant filed a Board appeal. IAF, Tab 1. On appeal, he alleged that the agency suspended him in retaliation for making protected disclosures. IAF, Tab 41 at 1. First, he alleged that he reported the theft of Government property to a work lead in the summer of 2012. IAF, Hearing Transcript (HT) at 14-17 (testimony of the appellant). Specifically, he reported that he observed a coworker use an agency-owned forklift to load an industrial refrigerator and an industrial mixer onto his personal vehicle and drive off site. *Id.* Second, he alleged that he reported to management on November 13, 2013, and in mid-September 2014, that

he was being subjected to a hostile work environment. *Id.* at 17-26. Third, he alleged that he reported various safety concerns to the agency on November 18-19, 2014, including, *inter alia*, issues concerning fire alarms, fire doors, unsecured racks, and electrical hazards. *Id.* at 26-29.

¶3    During the course of the appeal, the agency rescinded the suspension action and returned the appellant to the status quo ante. IAF, Tab 26. Although the appellant did not dispute that he was returned to the status quo ante, the administrative judge held a hearing based on her finding that the appellant made a nonfrivolous claim of retaliation for whistleblowing under the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465. IAF, Tab 47, Initial Decision (ID) at 1-2. After holding the hearing, she issued an initial decision finding that the appellant failed to prove his whistleblowing reprisal claim and denying his request for corrective action. ID at 2, 14. The administrative judge concluded that the appellant made three protected disclosures before the agency issued the notice proposing to suspend him and that the timing of his disclosures relative to the agency's suspension action satisfied the timing part of the knowledge/timing test. ID at 5-14. However, she also found that the appellant did not prove that his protected disclosures were a contributing factor in the agency's decision to suspend him because he failed to establish the knowledge element of the knowledge/timing test. ID at 13-14.

¶4    The appellant filed a petition for review and the Board issued a Remand Order, which affirmed the administrative judge's conclusion that the appellant made three protected disclosures but disagreed with her finding that the deciding official lacked knowledge of the disclosures. *Zygmunt v. Department of the Navy*, MSPB Docket No. PH-0752-15-0292-I-1, Remand Order, ¶¶ 3, 5, 7-10 (May 13, 2016). The Board found that the appellant made a prima facie case of whistleblower reprisal because he proved, under the knowledge/timing test, that his protected disclosures were a contributing factor in his suspension. *Id.*,

¶¶ 10-12. Based on this finding, the Board remanded the appeal for the administrative judge to determine whether the agency proved by clear and convincing evidence that it would have suspended the appellant absent his protected disclosures. *Id.*, ¶¶ 12-13.

¶5     In the remand initial decision, the administrative judge evaluated the factors set forth in *Carr* and found that the agency met its burden. *Zygmunt v. Department of the Navy*, MSPB Docket No. PH-0752-15-0292-B-1, Remand File, Tab 2, Remand Initial Decision (RID) at 3-12; *see Carr*, 185 F.3d at 1323. Based on this finding, the administrative judge denied the appellant's whistleblower reprisal affirmative defense. RID at 11-12.

¶6     The appellant has filed a petition for review in which he disagrees with the administrative judge's findings on the *Carr* factors. Remand Petition for Review (RPFR) File, Tab 3. The agency has filed a response in opposition to his petition, and the appellant has replied. RPFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     As set forth in the Board's Remand Order, the appellant proved his prima facie case of whistleblower reprisal. Remand Order, ¶¶ 10-12. The burden of persuasion then shifted to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent the appellant's protected disclosures.[2] *Ayers v. Department of the Army*, 123 M.S.P.R 11, ¶ 12 (2015); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015); *see* 5 U.S.C. § 1221(e)(2). For the reasons explained below, we agree with the administrative judge that the agency met its burden.

---

[2] We have considered the appellant's additional argument that the administrative judge erroneously shifted the burden of proof to him, based on her finding, *inter alia*, that he presented no evidence that any agency official had motive to retaliate against him. RPFR File, Tab 3 at 6-7, 10. We disagree. The administrative judge correctly stated that the burden of proof remained on the agency to prove by clear and convincing evidence that it would have taken the same action against the appellant absent his whistleblowing disclosures. RID at 3.

¶8      Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. *Chavez v. Department of Veterans Affairs*, [120 M.S.P.R. 285](#), ¶ 17 (2013).    In determining whether an agency has met this burden and successfully rebutted an employee's prima facie case by demonstrating independent causation, the Board will consider the following nonexclusive factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *See Miller v. Department of Justice*, [842 F.3d 1252](#), 1257 (Fed. Cir. 2016) (citing *Carr*, 185 F.3d at 1323).  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence.  *Lu v. Department of Homeland Security*, [122 M.S.P.R. 335](#), ¶ 7 (2015).  Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole.  *Id.*

The administrative judge properly found that the agency's evidence in support of its suspension action is strong.

¶9      Regarding the strength of the agency's evidence in support of the suspension action, including the hearing testimony of the appellant and the agency's witnesses, the record reflects the following:  (1) the appellant admittedly failed to carry out a work assignment, which the agency claimed delayed the shipment of nuclear reactor materials; (2) he engaged in disruptive behavior by admittedly using profanity and making rude comments during an altercation with his work lead; and (3) he admittedly labeled a technical manual for a reactor plant incorrectly, which the agency determined could have resulted in the improper disclosure of classified materials.  RID at 4-7; HT at 30-39 (testimony of the appellant).  The appellant does not challenge the administrative judge's finding

that the agency presented strong evidence to support the charges, and we decline to disturb this finding. RID at 9.

¶10    On review, the appellant argues that the agency failed to support its penalty determination. RPFR File, Tab 3 at 8-10. For example, he argues that the agency failed to consider that the verbal altercation underlying charge 2 was the result of unusual job tensions between him and his work lead. *Id.* at 9. He also asserts that the agency did not mitigate the penalty to account for his lack of intent and his prior good performance. *Id.* at 8-9. These factors, which an agency is required to consider in determining the appropriate penalty, may also be relevant to assessing the *Carr* factors. *See Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶¶ 5, 21-22 (2005) (finding that a witness's anticipated testimony regarding his allegedly more favorable treatment under circumstances similar to those that led to the appellant's suspension was relevant and material to the *Carr* factors, as well as to the reasonableness of the penalty); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors that are relevant to determining the reasonableness of a penalty).[3] The administrative judge found that the deciding official properly considered the applicable mitigating and aggravating factors before imposing a 15-day suspension. RID at 7-9. We agree.

¶11    As to the potential mitigating factor of unusual job tensions, the deciding official considered the appellant's claim that he used profanity and made rude comments as alleged in charge 2 because his work lead stepped close to him, making him feel "threatened and trapped." IAF, Tab 7 at 69. However, the

---

[3] The appellant also disputes administrative judge's determination that he was not similarly situated to employees who were not whistleblowers. RPFR File, Tab 3 at 7-10. We have analyzed this argument, below, under *Carr* factor 3. Regardless of under which *Carr* factor we have discussed the appellant's arguments, we have weighed the *Carr* factors together in analyzing whether the agency met its burden. *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 36 (2015), *aff'd per curiam*, 652 F. App'x 971 (Fed. Cir. 2016).

deciding official concluded that the appellant "was the instigator of the altercation." *Id.* Therefore, he did not find that any tension between the appellant and his work lead was a mitigating factor. *Id.*

¶12    As to the appellant's intent, the deciding official considered this factor as part of the overall seriousness of the offense, which he found to be an aggravating factor. *Id.* at 67. We discern no error in the deciding official's finding, which was based in large part on the altercation at issue in charge 2. *Id.* As to the appellant's prior work record, the deciding official considered the appellant's lack of prior discipline to be a mitigating factor. *Id.* However, he did not find the appellant's prior satisfactory performance to be mitigating because "his supervisor as well as their customer has lost all faith in his ability to properly package materials following the required security protocols." *Id.* at 68. We again discern no error.

¶13    Having considered the appellant's misconduct and the aggravating and mitigating factors, the deciding official mitigated the proposed 30-day suspension to a 15-day suspension. *Id.* at 69, 72. Thus, as the administrative judge concluded, the first *Carr* factor strongly favors the agency.[4] RID at 9; *see generally Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 36 (2013)

---

[4] We find that the agency's decision to rescind the suspension action during the course of this appeal does not detract from the strength of the agency's evidence in support of the suspension action at the time it made its decision. *See Social Security Administration v. Carr*, 78 M.S.P.R. 313, 335 (1998) (finding that it was appropriate to examine the strength of the evidence before the agency when it sought to remove the appellant), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999). We also find that the evidence does not support the appellant's argument that an agency official recommended that the appellant receive training, rather than a suspension, in connection with charge 1. RPFR File, Tab 1 at 8; IAF, Tab 7 at 22. Instead, the official in question recommended that the appellant's entire division receive refresher training. HT at 211-12 (testimony of the Director of the Energy Material Office); IAF, Tab 35 at 107-08. This recommendation appears to be an effort to avoid future incidents of mislabeling naval reactor technical manuals, and it was not specifically directed to the appellant, who was on leave at the time. HT at 211-12 (testimony of the Director of the Energy Material Office); IAF, Tab 35 at 107-08.

(finding that the agency proved the charges, which weighed in favor of the agency on the clear and convincing evidence issue).

<u>We modify the remand initial decision to find that the agency officials involved in the suspension decision had a slight motive to retaliate against the appellant.</u>

¶14    As for the second *Carr* factor, the strength of any motive to retaliate on the part of the agency officials who were involved in the decision, the administrative judge found no evidence that any agency official had motive to retaliate against the appellant.  RID at 9-10.  We disagree.

¶15    As to the deciding official, the administrative judge found that he knew of the appellant's disclosure.  *Id*.  However, the administrative judge found that the deciding official had no motive to retaliate against the appellant based in part on her finding that "nothing in his physical demeanor or tone of voice suggested any animosity toward the appellant," and his testimony was "forthright and fluid."  *Id*. The administrative judge also considered that the deciding official mitigated the suspension to 15 days because he empathized with the appellant's sole-breadwinner status as additional evidence of a lack of animosity toward the appellant.  *Id*. at 10.

¶16    The administrative judge further found that other individuals involved in the suspension action, including the individual who reported the appellant's failure to carry out the work assignment at issue in charge 1, the proposing official, and the Director of the Energy Material Office in which the appellant was employed, had no motive to retaliate against him because they were not the focus, or disciplined as a result, of his disclosures.  *Id*.  The administrative judge found no evidence that these officials pressured or influenced the deciding official's penalty determination.  *Id*. at 11.

¶17    The appellant argues that the administrative judge's finding that the deciding official had no motive to retaliate "should be disregarded" because he testified by telephone.  RPFR File, Tab 3 at 7; RID at 9-10; HT at 72-73.  The appellant did not object to taking this testimony telephonically on the record

below. Therefore, we decline to vacate the administrative judge's credibility-based finding regarding the motive of the deciding official. *See Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 22 (2015) (finding that an appellant could not raise on review an objection that she did not preserve below); *Robertson v. Department of Transportation*, 113 M.S.P.R. 16, ¶¶ 10, 13-15 (2009) (vacating an administrative judge's findings based on the testimony of witnesses that the administrative judge permitted to testify by telephone over the appellant's objections). Further, we have examined the testimony of the deciding official regarding his suspension decision, and we agree with the administrative judge that his testimony is credible. *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (finding that when an administrative judge's findings are not based on observing witnesses' demeanor, the Board is free to re-weigh the evidence and substitute its own judgment on credibility issues). Specifically, he testified in a logical manner, consistent with the proposed suspension and his *Douglas* factor worksheet, that the basis for his suspension decision was the appellant's conduct, including his failure to safeguard classified information and his altercation with his work lead. HT at 79-82, 93 (testimony of the deciding official); IAF, Tab 7 at 22-25, 71-72; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing factors relevant to resolving credibility issues). During the altercation, the appellant stood close to his work lead, yelling obscenities and referring to him as "sweetcakes." IAF, Tab 7 at 22, 30-31; HT at 35-36 (testimony of the appellant).

¶18 The appellant also argues that the agency's offer of a "clean slate" agreement 3 months before he received the proposed suspension, promising to leave his allegations of improper behavior "in the past" if he dropped his complaints or face possible removal, was evidence of retaliatory motive. RPFR File, Tab 3 at 11; IAF, Tab 7 at 37, 39. We are not persuaded by this argument. The clean slate agreement reflected the proposing official's expectation that those under his supervision, including the appellant, would behave in a professional and

safe manner. IAF, Tab 35 at 94; HT at 177-78 (testimony of the proposing official). It was not conditioned on the appellant taking any actions regarding his prior complaints. IAF, Tab 35 at 94.

¶19     Nonetheless, we disagree with the administrative judge's finding that the proposing and deciding officials had no motive to retaliate against the appellant. Criticisms that reflect on individuals in their capacities as managers and employees are sufficient to establish substantial retaliatory motive. *Chavez*, 120 M.S.P.R. 285, ¶ 33. The appellant's disclosures to the proposing and deciding officials of safety violations, theft of Government property, and an alleged hostile work environment implicated their managerial and supervisory capabilities. IAF, Tab 35 at 30, 32-33; HT at 170-71, 174-75 (testimony of the proposing official). For example, the appellant informed the proposing official that the agency was rewarding bad behavior when "nothing was ever done about" a coworker's theft of property. HT at 171 (testimony of the proposing official). The appellant also indicated to the proposing official that management was failing to respond to his allegations of coworker harassment, stalking, and threats. IAF, Tab 35 at 30. In response to the proposed suspension, the appellant stated that he was aware that he was "sometimes an irritation to management" when he reported safety concerns within the deciding official's chain of command. IAF, Tab 7 at 38; HT at 73 (testimony of the deciding official).

¶20     Although we find that the agency had a motive to retaliate, we find the motive was slight based on the prompt action that the proposing and deciding officials took to resolve the appellant's concerns. In response to his harassment allegations, the proposing official immediately offered to reach out to Human Resources and the Employee Assistance Program. IAF, Tab 35 at 33-34. When the appellant's allegations continued, the proposing official contacted the agency's Office of Counsel and confirmed that the agency had begun an inquiry into a possible hostile work environment. *Id.* at 43. He conveyed this information to the appellant. *Id.* He also put in work orders to correct some of

the alleged safety violations raised by the appellant. HT at 174-76 (testimony of the proposing official). Finally, he determined that a supervisor already had investigated the appellant's allegations of theft and concluded that employees were invited to take the items in question because they were going to be thrown away. *Id.* at 170-72 (testimony of the proposing official).

¶21　　Similarly, the deciding official testified that he reported to his subordinate, the Director of the appellant's unit, the appellant's allegations of a coworker's theft for further investigation. HT at 73, 81-82 (testimony of the deciding official). The deciding official also reduced the appellant's suspension from 30 to 15 days, which we find is additional evidence that he did not have a strong motive to retaliate. IAF, Tab 7 at 7.

¶22　　Accordingly, we conclude that the second *Carr* factors weights slightly against the agency.

We modify the remand initial decision to find that the absence of evidence related to the agency's treatment of similarly situated nonwhistleblowers cuts slightly against the agency.

¶23　　Applying the third *Carr* factor, the administrative judge concluded that "the appellant failed to prove that he was treat[ed] more harshly than a non-whistleblower." RID at 11. We disagree.

¶24　　The absence of evidence on *Carr* factor three can either be neutral or "cut[] slightly against the Government," depending on the circumstances. *Miller*, 842 F.3d at 1262 (citing *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012)). The agency "is required to come forward with all reasonably pertinent evidence" regarding *Carr* factor 3 because it has greater access to such information. *Whitmore*, 680 F.3d at 1374-75.

¶25　　The agency provided evidence that, from 2009 to 2014, it issued discipline ranging from counseling to probationary termination for conduct involving one of the three charges at issue here. IAF, Tab 7 at 26. However, the agency did not provide any specific information, such as whether there were multiple charges,

the identities of the proposing and deciding officials, or whether the individual employees engaged in protected activity. *Id.* Therefore, we agree with the appellant that the agency had, but did not present, evidence as to whether it treated similarly situated nonwhistleblowers more favorably.[5] We thus modify the remand initial decision to find that this *Carr* factor cuts slightly against the agency. RPFR File, Tab 3 at 9-10; *see Miller*, 842 F.3d at 1262.

¶26 On review, the appellant argues that the union president's testimony that he had never seen 15-day or 30-day suspensions for similar charges supports a finding against the agency on *Carr* factor 3. RPFR File, Tab 3 at 9-10; HT at 6-7 (testimony of the union president). However, the union president only spoke in general terms, and provided no specific information to support his assertion. HT at 6-10 (testimony of the union president). Thus, we give little weight to this testimony. *See Spurlock v. Department of Justice*, 894 F.2d 1328, 1330 (Fed. Cir. 1990) (observing that omissions and imprecisions "detract from the weight to be accorded . . . evidence").

The administrative judge properly found that the agency proved by clear and convincing evidence that it would have suspended the appellant absent his protected disclosures.

¶27 Although we have modified the administrative judge's analysis to find that *Carr* factors 2 and 3 weigh slightly against the agency, we agree with her finding that the agency proved by clear and convincing evidence that it would have suspended the appellant absent his protected disclosures. RID at 11-12.

¶28 The agency had a sufficient objective basis to suspend the appellant and thus the first *Carr* factor strongly supports a finding that the agency met its clear

[5] The proposing official testified that he considered issuing discipline to the employee with whom the appellant had the altercation underlying charge 2. HT at 183-84 (testimony of the proposing official). However, that individual retired 13 days after the altercation, and 9 days before the agency issued the appellant his proposed 30-day suspension. *Id.* at 183-84, 187-88 (testimony of the proposing official); IAF, Tab 7 at 22. Thus, we find that the absence of evidence regarding this individual does not weigh against the agency.

and convincing burden. Specifically, we agree with the administrative judge's finding that the relevant testimonial and documentary evidence unequivocally supports all three charges on which the appellant's suspension was based. RID at 9; IAF, Tab 7 at 22-25. Moreover, his mislabeling of technical manuals could have caused the disclosure of classified information regarding nuclear reactors. IAF, Tab 7 at 23-24; HT at 13, 30-39, 93 (testimony of the appellant and the deciding official).

¶29     We have found that the second *Carr* factor weighs against the agency, but that this weight is slight in light of evidence that the proposing and deciding officials attempted to remedy the appellant's concerns and that the deciding official mitigated the suspension. RID at 10; ID at 12. We also have found that the third *Carr* factor weighs slightly against the agency because it provided no evidence showing that it took similar actions against employees who are not whistleblowers but who were otherwise similarly situated to the appellant. *See Miller*, 842 F.3d at 1262.

¶30     Looking at the evidence in the aggregate, we agree with the administrative judge's conclusion that the agency met its burden to prove by clear and convincing evidence that it would have demoted the appellant absent his protected disclosures. *Whitmore*, 680 F.3d at 1368 (explaining that, in evaluating whether the agency met its burden, all of the relevant evidence must be considered in the aggregate).

¶31     Accordingly, we affirm the remand initial decision finding that the appellant did not prove his affirmative defense of whistleblower reprisal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                             /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.